UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD MAHOGANY, JR.                      CIVIL ACTION

VERSUS                                     NO. 06-2351

JIM ROGERS, ET AL                          SECTION "S"(5)


REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Richard Mahogany, Jr., against defendants Richard Stalder, Secretary of the Louisiana Department of Corrections ("DOC"), Jim Rogers, former Warden of the Washington Correctional Institute ("WCI"), Angie, Louisiana, along with WCI officials, Kathy McGinnis, Michael Harrell, Michal McMurry, Jeff Williams and Ronald Branch.

Plaintiff alleges in his complaint that an inmate/orderly working in the kitchen was disseminating confidential information which plaintiff had provided to prison officials with respect to fellow inmates and, as a result, these fellow inmates were threatening plaintiff with violence. In response, prison officials placed plaintiff in segregated, protective custody. However, plaintiff was not segregated from the inmate/orderly employed in

the kitchen whose action had led to plaintiff's need for protection.  The inmate/orderly allegedly continued to issue threats against plaintiff, stating that he was going to "spike" plaintiff's food with "spit, sperm, razors, and other substances."[1]/

In order to show that the kitchen inmate/orderly had carried out his threat, plaintiff mailed to Warden Rogers' office "two tiny pieces of razor bla[d]es" which plaintiff had allegedly discovered in his food.[2]/   In response, plaintiff alleges that he "was immediately subject to reprisal in the form of disciplinary action".  It is due to this disciplinary action or reprisal that plaintiff has filed this civil rights action, seeking monetary damages "from each defendant in their individual capacit[ies]" and seeking the restoration of "all privileges lost due to the reprisal."[3]/

Plaintiff has instituted suit herein _in_ _forma_ _pauperis_

---

[1]/ _See_ Rec. doc. 1, p. 4 of 23.

[2]/ _See_ Rec. doc. 1, p. 5 of 23.

[3]/ _See_ Rec., doc. 1, pp. 3 and 5 of 23.  As evidenced by the attached copies of the "Disciplinary Report" and "Disciplinary Board Appeal", said documents having been placed in the record of the above-captioned action as part of defendants' response to plaintiff's first request for production of documents (Rec. doc. 33), plaintiff's sentence, as a result of the pertinent disciplinary action, was a transfer to extended lockdown and the loss of 90 days of good time credit.

2

pursuant to 28 U.S.C. §1915.   A proceeding brought in forma pauperis may be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(I) if the claim alleged therein has no arguable basis in law and fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

In order to prevail on his current claims, plaintiff must first establish that his disciplinary board conviction was improvidently imposed.   In other words, the viability of this conviction can be undermined by the current litigation against these named defendants.   As the Court understands it, prison officials believed that plaintiff took a razor blade in his possession and sent it to the Warden, claiming another inmate had attempted to harm him and that it was upon this basis that plaintiff was charged and convicted.   Therefore, unless and until Mahogany is able to have his disciplinary conviction reversed, expunged, or otherwise declared invalid by a tribunal authorized to make such a determination, he has no §1983 claim for damages and for reinstatement of his lost good time credits.   Muhammad v. Close, 540 U.S. 749, 750-51, 124 S.Ct. 1303, 1304 (2004)(citing Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997)); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc), cert. denied, 525 U.S. 1151, 119 S.Ct. 1052 (1999).

3

Accordingly, it will be recommended that plaintiff's §1983 action  be dismissed with prejudice to its being asserted again when the <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994) conditions are met.  <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).  It will further be recommended that the motion to dismiss filed on behalf of defendants be dismissed as moot.

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is recommended that plaintiff's §1983 action be dismissed with prejudice to its being asserted again when the <u>Heck</u> conditions are met.  It is further recommended that the motion to dismiss filed on behalf of defendants be dismissed as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this __11th__ day of _____January_____,
2007.

_____
UNITED STATES MAGISTRATE JUDGE